UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                          Case No.    18-21906-CLC
                                                                Chapter     13

Nikita M. Rolle

      Debtor(s).
_____/

**NOTICE OF FINAL CURE MORTGAGE PAYMENT
TO PHH MORTGAGE SERVICE**

**Any interested party who fails to file and serve a written response to this notice within 21 days after the date of service stated in this notice shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of the entry of an order in the form attached to this notice. Any scheduled hearing may then be canceled.**

Now comes the above-styled Debtor(s) pursuant to Fed. R. Bankr. P. 3002.1(f) and Local Rule 3070-1(E), and files this *Notice of Final Cure Mortgage Payment* to PHH Mortgage Corporation (as servicer for US Bank National Association for Trustee for the CMLTI Asset-Backed Pas-Through Certificates, Series 2007-AMC3) (the "Mortgagee") as follows:

    1. Mortgagee holds a mortgage (the "Mortgage") bearing account x2419 secured by a lien on the Debtor'(s) real property located at 11055 SW 221st Terr., Miami, Florida.

    2. The Debtor'(s) chapter 13 plan, as amended or modified (the "Plan") was confirmed or approved by the Court.

    3. The Debtor(s) has completed all payments due under the Plan.

    4. Pursuant to the provisions of the Plan, The Debtor(s) have paid Mortgagee all the

amounts required to cure any default on the Mortgage as well as to maintain post-petition regular postpetition payments through the end of the plan ie. September, 2023.

     5. Pursuant to Rule 3002.1(f) and (g), Mortgagee is informed of its obligation to to file and serve a statement in response to this notice within 21 days after service of this notice. Service of the statement shall be made on the Debtor(s), Debtor'(s) counsel, and the Chapter 13 Trustee. The statement must indicate (a) whether it agrees that the Debtor has paid in full the amount required to cure the default on the claim and (b) whether the Debtor is otherwise current on all payment consistent with 1322(b)(5) of the Bankruptcy Code. The statement shall itemize the required cure or postpetition amount, if any, that the holder contends remain unpaid as of the date of the statement. The statement shall be filed as a supplement to the Mortgagee's proof of claim and is not subject to Rule 3001(f).

     6. If Mortgagee does not file and serve a timely notice, the Debtor(s) may submit the local form order "Order Determining Debtor has Cured Default and Paid all Required Postpetition Amount" (LF-81).

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that on this 23rd day of February, 2024, I served the above notice on all interested parties identified on the attached service list by U.S. Mail. I also certify that the foregoing document(s) was being served via transmission of Electronic Filing generated by CM/ECF to the parties set forth in the NEF and on the date set forth therein.

                      JORDAN E. BUBLICK, P.A.

                      /s/ Jordan E. Bublick
                      Jordan E. Bublick (Fla. Bar No. 381624)
                      1801 N.E. 123rd St.
                      P.O. Box 545941
                      Miami, FL 33154
                      Telephone: (305) 891-4055
                      Fax: (305) 503-7231
                      Email: jbublick@bublicklaw.com

                      *Attorney for the Debtor(s)*

PHH Mortgage Corporation
Att: Bankruptcy Dept.
PO Box 24605
West Palm Beach, FL 33416

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                              Case No.    18-21906-CLC
                                                    Chapter     13

Nikita M. Rolle

          Debtor(s).
_____/

**ORDER DETERMINING DEBTOR HAS CURED DEFAULT**
**AND PAID ALL REQUIRED POSTPETITION AMOUNTS**
<u>**TO PHH MORTGAGE SERVICE**</u>

**Any interested party who fails to file and serve a written**
**response to this notice within 21 days after the date of service**
**stated in this notice shall, pursuant to Local Rule 9013-1(D),**
**be deemed to have consented to the entry of the entry of an order**
**in the form attached to this notice. Any scheduled hearing may then be**
**canceled.**

The above-styled chapter 13 Debtor(s) filed a Notice of Final Cure Payment on February 23, 2024 [ECF No. ___] pursuant to Bankruptcy Rule 3002.1 (f) - (h) or if applicable Local Rule 3070-1(E) seeking entry of an *ex parte* order determining that the Debtor has cured the default and paid all required postpetition amounts due to PHH Mortgage Corporation (as servicer for US Bank National Association for Trustee for the CMLTI Asset-Backed Pas-Through Certificates, Series 2007-AMC3)  (the "Mortgagee"). The Debtor by submitting this form order having represented that the Notice of Final Cure Payment was served on the Mortgagee, that the 21-day response time provided by Bankruptcy Rule 3002.1(g) has expired, that the Mortgagee has not filed or served on the Debtor a response to the Notice of Final Cure Payment,  and that the relief to be granted in this order is the identical relief requested in the Notice of Final Cure Payment, and this court having considered the Notice of Final Cure Payment, it is

Accordingly, pursuant to Bankruptcy Rule 3002.1(h), the Court determines that the Debtor has cured the default and paid all required postpetition amounts.

# # #

Submitted by:

Jordan E. Bublick
Attorney for Debtor(s)
1801 N.E. 125th St., Suite 315
P.O. Box 545941
N. Miami, FL 33154-5941
Telephone: (305) 891-4055
Email: jbublick@bublicklaw.com

(Atty. Bublick is directed to serve a copy of this order on all interested parties upon receipt of this order. Parties listed on the NEF will be served electronically.)